UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

DONALD HOPE,

                Plaintiff,

          -against-

CITY OF NEW YORK et al.,

                Defendants.

------------------------------------------------------------ X

**MEMORANDUM
DECISION AND ORDER**

CV-08-5022 (BMC)

**COGAN, District Judge.**

       Plaintiff brings this action under 42 U.S.C. § 1983 alleging various constitutional and

common law torts arising out of his arrest on drug charges. It is before me on [31] plaintiff's

First Motion for Reconsideration of the Court's Order granting summary judgment. For the

reasons that follow, the motion is **GRANTED** in part and **DENIED** in part. The Court grants

reconsideration of its prior Order and finds that defendants are entitled to summary judgment on

grounds other than those upon which the Court previously relied.

## I.    <u>Standard for Reconsideration</u>

       "'The standard for granting [a motion for reconsideration] is strict, and reconsideration

will generally be denied unless the moving party can point to controlling decisions or data that

the court overlooked – matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court.'" <u>Jean-Laurent v. Hennessy</u>, No. 05-CV-1155, 2008 WL

5274322, at *2 (E.D.N.Y. Dec. 18, 2008) (<u>quoting</u> <u>Shrader v. CSX Transp.</u>, 70 F.3d 255, 257 (2d

Cir.1995) (citations omitted)). A motion for reconsideration is "not to be used as a means to

reargue matters already argued and disposed of by prior rulings or to put forward additional

arguments that a party could have made but neglected to make before judgment." Brown v. Middaugh, No. 96-CV-1097, 1999 WL 242662, *1 (N.D.N.Y. Apr. 21, 1999).

General knowledge of the underlying facts in this case, recited in [29] the Court's Memorandum Decision and Order, is assumed. In its decision, the Court granted defendants' motion for summary judgment, ruling that plaintiff's guilty plea to disorderly conduct was fatal to his claims. The Court reasoned that the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477, 486 (1994), which declared that a plaintiff cannot maintain a tort action if prevailing would necessarily undermine his criminal conviction, precluded recovery. Because his arrest, indictment, prosecution, and conviction for disorderly conduct all arose out of the same incident, the Court concluded that plaintiff's § 1983 action would necessarily impugn his criminal conviction, which had not been otherwise "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 487.

Plaintiff now contends, for the first time on reconsideration,[1] that he falls within an exception to the Heck rule. Specifically, plaintiff points to a line of Second Circuit authority, Huang v. Johnson, 251 F.3d 64, 75 (2d Cir. 2001), Leather v. Eyck, 180 F.3d 420 (2d Cir. 1999), and Jenkins v. Haubert, 179 F.3d 420 (2d Cir. 1999), which holds that a plaintiff not in state custody may bring a § 1983 action, notwithstanding the possible invalidation of their convictions, because federal habeas corpus review is unavailable.[2]

---

[1] In fact, plaintiff did not even cite to the Heck decision in his opposition to summary judgment.

[2] These Second Circuit cases rely primarily on the Supreme Court's decision in Spencer v. Kemna, 523 U.S. 1, 21, 25 n.8 (1998), in which five Justices in concurring and dissenting opinions expressed the view that the Heck rule does not pertain to former prisoners no longer in custody.

2

Leather v. Eyck is controlling. There, defendant was arrested and charged with driving while intoxicated and successfully prosecuted on a lesser charge of driving while impaired. He was assessed a fine and his license was suspended, spending no time in custody. Defendant did not appeal the conviction, but filed a § 1983 action asserting selective prosecution.[3] Although the district court dismissed the action, since the success of the § 1983 action would have necessarily implied that plaintiff's prior conviction was invalid, the Second Circuit reversed, holding that because defendant "is not and never was in the custody of State, he … has no remedy in habeas corpus. Having escaped the jaws of *Heck*, [defendant] should therefore be permitted to pursue his § 1983 claim in the district court." Leather, 180 F.3d at 424.

In light of this additional authority submitted by plaintiff – albeit for the first time on reconsideration – the Court finds its prior decision's reliance on Heck v. Humphrey to be in error. That said, as illustrated below, defendants are still entitled to summary judgment.

## II.    Specific Claims

### A.  False Arrest

To establish a claim for false arrest, a plaintiff is required to show that defendant "intentionally confined him without his consent and without justification." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). The existence of probable cause to arrest constitutes justification and "is a complete defense to an action for false arrest." Id. A valid prosecution resulting in conviction is conclusive evidence that probable cause existed for an arrest, Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986), even if the conviction is the result of a guilty plea to a lesser charge than that for which plaintiff was arrested. Feurtado v. Gillespie, No. 04CV3405, 2005 WL 3088327, at *6 (E.D.N.Y. Nov. 17, 2005) (an examination of the totality of the

---

[3] It is of no moment, as defendants suggest, that Leather involved selective prosecution and not malicious prosecution or false arrest. The basic question at issue, whether plaintiff may bring a § 1983 claim that undermines an unappealable guilty plea, remains the same.

3

circumstances known to the officer at the time of arrest is not required if the plaintiff is convicted after trial on the underlying charge or if the plaintiff pleads guilty to the underlying or a lesser charge); see also Roundtree v. City of New York, 778 F. Supp. 614, 619 (E.D.N.Y. 1991) (section 1983 action for false arrest barred for plaintiff who had been arrested for possession of cocaine and pleaded guilty to disorderly conduct); Keyes v. City of Albany, 594 F. Supp. 1147, 1155 (N.D.N.Y. 1984) (guilty plea to disorderly conduct on assault charge barred plaintiff's false arrest claim).

As in his initial submission, plaintiff urges the Court to follow the holdings of cases such as Wallace v. Dillon, 921 F. Supp. 946, 952 (E.D.N.Y. 1996), and Powers v. Coe, 728 F.2d 97 (2d Cir. 1984), among other authorities, for the principle that when a court accepts a guilty plea, there is no adjudication of any issues that may subsequently form the basis of a § 1983 action and thus collateral estoppels does not apply. However, the law of collateral estoppel serves as a "separate but not exclusive ... basis for probable cause analysis" and thus "federal courts in false arrest actions under section 1983 should not be burdened with a collateral estoppel factual inquiry in the face of a guilty plea." Butron v. County of Queens Police Dep't 110 Precinct, No. 94-CV-2675, 1996 WL 738525 (E.D.N.Y. Dec. 23, 1996). Plaintiff's false arrest claim fails not because the judgment in his state court action collaterally estops him from bringing this § 1983 claim, but because his guilty plea establishes the necessary probable cause for his arrest.[4]

---

[4] Plaintiff recognizes the difference between the common law defense of conviction and traditional collateral estoppel principles but asserts, citing Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986), that the former only applies when the charge on which plaintiff was convicted, by plea or otherwise, is exactly the same charge for which he was arrested. Plaintiff's reading of Cameron would eviscerate the common law conviction defense entirely. It is rare that a defendant pleads guilty to every charge against him when there are multiple charges. The more logical approach, the approach I adopt here, is to consider as a total transaction whether the activity forming the basis for the arrest is the same as the activity to which the defendant pleaded guilty. See Sealy v. Fishkin, No. 96 CV6303, 1998 WL 1021470 (E.D.N.Y. Dec. 2, 1998) ("By pleading guilty to disorderly conduct, plaintiff necessarily acknowledged that he was engaged in some unlawful activity for which the police could properly take him into custody.").

4

Defendants are entitled to summary judgment on the false arrest claim.

### B. Unlawful Search and Seizure

Plaintiff's guilty plea demonstrates not only the probable cause of the arrest but also the lawfulness of it. Therefore, "insofar as the constitutionality of a search incident to an arrest derives from the validity of the arrest itself ... a guilty plea provides a defense to any Section 1983 claim brought for the search of an arrested person that is conducted as an incident to that arrest." Roundtree, 778 F. Supp. at 620.

Applying this to the facts alleged here, plaintiff's guilty plea establishes both the lawfulness of his arrest and the search of the passenger side of his vehicle incident to that arrest, when he and his passenger were ordered out of the car. See New York v. Belton, 453 U.S. 454, 101 S. Ct. 2860 (1981) (for automobiles, search incident to a lawful arrest means that a police officer may search the passenger compartment and any containers found if they are within the arrestee's immediate control); see also Mollica v. Volker, 229 F.3d 366 (2d Cir. 2000) (passengers and drivers have no Fourth Amendment interest in not being ordered out of a lawfully stopped vehicle). Since plaintiff's claim for false arrest is dismissed on account of his guilty plea, it follows that his claim for an illegal search of his car under the Fourth Amendment must be dismissed for the same reason.

The search of plaintiff's vehicle was therefore lawful and summary judgment on plaintiff's illegal search claim is granted.

### C. Malicious Prosecution

Plaintiff acknowledges on reconsideration that his malicious prosecution claim with respect to the drug charges cannot survive summary judgment, choosing instead to press the malicious prosecution claim with respect to the traffic violation charge. The parties dispute

whether the charge terminated in favor of plaintiff. Defendant suggests that the traffic violation was dismissed only "due to the Grand Jury action regarding the narcotics felony charges" while plaintiff maintains that the violation was actually dismissed six weeks prior to the Grand Jury's alleged dismissal of the charges. In either case, plaintiff cannot state a claim for malicious prosecution.

The elements of malicious prosecution under New York law are "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's action." Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995).

Even assuming plaintiff can meet the favorable termination element – and I take plaintiff's version of the proceedings as true – plaintiff's claim for malicious prosecution fails for the same reason as his claim for false arrest and illegal search of his vehicle; his guilty plea establishes probable cause. E.g., Husbands v. City of New York, 335 Fed. App'x. 124 (2d Cir. 2009) (existence of probable cause defeated plaintiff's claim for false arrest and malicious prosecution). While it may be true that the probable cause determination relevant to a false arrest claim (probable cause to arrest) differs from the determination relevant to a malicious prosecution claim (probable cause to commence criminal proceedings), here, the facts giving rise to both are identical. Indeed, the Second Circuit has clarified that in order for the probable cause that existed at the time of arrest to "dissipate" prior to commencement of the prosecution, the "groundless nature of the charge must be made apparent to the [defendants] by the discovery of some intervening fact." Kinzer v. Jackson, 316 F.3d 139, 144 (2d Cir. 2003). Plaintiff has alleged no intervening facts, after the lawful arrest, which would have made it apparent to

6

defendants that the traffic violation charge was groundless. Therefore, defendants' motion for summary judgment as to the malicious prosecution of plaintiff's traffic violation must be denied.

### D. Fair Trial

Plaintiff's claim that he was denied a right to a "fair trial" is similarly without merit. There was no trial. Plaintiff pleaded guilty. See Fudge v. Phoenicia Times, et al., No. 09-cv-0301, 2009 WL 2568576 (N.D.N.Y. Aug. 19, 2009) ("To the extent Plaintiff claims that he was denied the right to a fair trial ... such a claim must be dismissed because there was no trial."); see also Berman v. Turecki, 835 F. Supp. 528, 553 (S.D.N.Y. 1995) ("A guilty plea is not just an admission of unlawful conduct, it is a waiver of all the constitutional rights embodied in the right to a jury trial.").

The gravamen of plaintiff's claim for "fair trial" is based upon the allegation that defendants fabricated evidence to support plaintiff's indictment. The parties do not dispute that the plaintiff's arrest sheet incorrectly states that Detective Ryan, the arresting officer, "observed defendant sell a quantity of controlled substance..." But the statement in the police report, even if intentionally falsified, could not in and of itself have violated plaintiff's constitutional rights. See Zahrey v. Coffey, 221 F.3d 342 (2d Cir. 2000) (ruling that the fabrication of evidence *in and of itself* does not give rise to a cognizable injury under the Constitution) (emphasis in original). I have found no Second Circuit authority, and plaintiff has not pointed to any either in its initial submission or on reconsideration, ruling that a defendant is denied due process of law if the police knowingly confront the defendant with fabricated evidence to coerce a bargained for guilty plea. "In order to recover damages for the deprivation of the right to a fair trial, a plaintiff must show not merely that the police engaged in [improper] conduct, which might have affected his right to a fair trial, but that the improper conduct in fact had that result." Powers v. Coe, 728

F.2d 97 (2d Cir. 1984) (internal citations omitted); see also Henry v. City of New York, No. 02 Civ. 4824, 2003 WL 22077469 (S.D.N.Y. Sept. 8, 2003) ("[w]hile there is no constitutional right to be free from having evidence fabricated against an individual, the offense rises to a constitutional violation if one is deprived of his liberty because of the fabrication."). The incorrect information filed on plaintiff's arrest sheet does not rise to the level of a constitutional offense. Indeed, the "fair trial" claim is nothing more than a recast of his Fourth Amendment false arrest claims. For the reasons already discussed, the claim is without merit.

### E. Monell Claims

To assert a successful claim against a municipality under § 1983, a plaintiff must demonstrate that a municipal policy or custom resulted in a violation of his constitutional rights. Monell v. Dep't of Social Services, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). Because plaintiff has failed to show that his constitutional rights were violated by the defendants, he cannot show that any policy or custom of the City or the New York Police Department caused such a violation. Defendants are therefore entitled to summary judgment on plaintiff's Monell claims.

### CONCLUSION

For all the reasons set forth above, plaintiff's motion for reconsideration is **GRANTED** in part and **DENIED** in part.

**SO ORDERED.**

-/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
       January 22, 2009

8